## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**IN RE: ANTONY ALEXANDER**  CASE NO: 19-13708-JDW

_____

**ANTONY ALEXANDER**  **PLAINTIFF**

**VS.**  **ADVERSARY NO.**

**TD AUTO FINANCE, LLC**  **DEFENDANT**
**6 ATLANTIS WAY**
**LEWISTON ME 04240**

### COMPLAINT TO TURNOVER PROPERTY OF PLAINTIFF

**COMES NOW,** Atony Alexander, Debtor, in this Chapter 13 case, and for cause of action against TD Auto Finance ("Defendant"), would show to the Court the following facts, to-wit:

1. Antony Alexander ("Plaintiff") is the Debtor in this Chapter 13 case and is an adult resident citizen of Marshall County, Mississippi.

2. TD Auto Finance, LLC, ("Defendant") is a corporation duly registered in the State of Delaware and doing business in Mississippi. Defendant may be served with process of this Court through its registered agent, C T Corporation System, 645 Lakeland Dr. East, Suite 101, Flowood, Mississippi, 39232.

3. Locke D. Barkley is the Chapter 13 Trustee in this case.

4. This Court has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns property of the Debtor, pursuant to 28 U.S.C. §1334. This proceeding is a core proceeding.

5. On September 13, 2019, Plaintiff filed a Chapter 13 case in this Court.

6. Certain of Plaintiff's exempt property, which is property of the estate as defined by 11 U.S.C. § 541, to wit, an automobile (2017 GMC Sierra HD) in which he has an interest, is in the possession of the Defendant.

7. At the time his petition was filed, Debtor gave notice of the filing to Defendant and the company holding the vehicle, attached hereto as "Exhibit A". Additionally, Plaintiff's counsel has contacted the defendant numerous times in attempt to get the vehicle released only to be transferred to different departments and eventually hung up on. Counsel has also received numerous return calls and requests, with which he has complied, to no avail. Attached as "Exhibit B" are several photos of phones showing wait times for 3 of the calls. This would not account for even ½ of the time spent trying to get the vehicle returned.

8. Upon receipt of this notice, Defendant was required pursuant to 11 U.S.C. § 542, to turn over this exempt property.

9. The trustee has not acted to recover this exempt property of the Debtor.

10. Under 11 U.S.C. § 1306, the Debtor is entitled to possession of all property of the estate.

11. Nonetheless, Defendant has refused to turn over the property as required. And, upon information and belief, the property is in danger of being sold at an auction.

12. As a result of the actions of the Defendant, Plaintiff has endured tremendous financial hardship, anxiety and emotional distress, in addition to the possibility of further damage to his residence.

13. Additionally, as a result of the actions of the Defendant, the Plaintiff has had to incur attorneys fees and costs for having to bring this action before the Court.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff prays for the following relief:

1. That the Court enter an Order finding Defendant to be in violation of the Automatic Stay provisions of 11 U. S. C. § 362 and 11 U.S.C. § 542,

2. That the Court enter an Order requiring the Defendant to return the vehicle to the Plaintiff.

3. Award the Plaintiff, pursuant to 11 U.S.C. § 105(a) & 362(k) damages, reasonable attorney fees, costs, and punitive damages for this complaint, ;and

4. Any such general relief the Court deems appropriate.

Respectfully Submitted, this the 20th day of September, 2019.

**ANTONY ALEXANDER**

**By:    /s/Robert H. Lomenick**
**KAREN B.  SCHNELLER, MSB #6558**
**ROBERT H. LOMENICK, MSB #104186**
**SCHNELLER & LOMENICK, P.A.**
**Post Office Box 417**
**Holly Springs, MS 38635**
**Phone: (662)252-3224**
**Fax: (662)252-2858**